J-S87028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD ALLEN CLELAND | |
| Appellant | No. 604 MDA 2016 |

Appeal from the Judgment of Sentence Dated November 3, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001219-2014

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                 **FILED FEBRUARY 03, 2017**

Appellant Todd Allen Cleland appeals the November 3, 2015 judgment of sentence imposed following his conviction of aggravated indecent assault of a child, indecent assault of a minor, and corruption of minors.[1] Appellant claims that the trial court abused its discretion in finding that the verdict was not contrary to the weight of the evidence. We affirm.

The trial court set forth the facts of this case as follows:

> The seven-year old victim was best friends with [Appellant]'s daughter. She was [the] Commonwealth's primary witness. She was at [Appellant]'s home for a sleepover on the night of October 12, 2013. She testified that she was asleep on a recliner in the living room when [Appellant] picked her up, took her over to the couch, pulled down her pajama pants, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(b), 3126(a)(7) and 6301(a)(1)(ii).

touched her private parts. He penetrated her vagina with his fingers. She then pulled up her pajama pants and ran into the bedroom where [Appellant]'s daughter was sleeping.

She did not tell anyone about the incident until she told her mother a few days later. She was afraid to tell anyone for fear of never seeing her best friend again. Her mother testified that the child was crying hysterically when she told her what had happened. She has been emotional since the incident, "has meltdowns," and has some nights where she does not want to sleep alone. She has not been able to see her best friend since the incident and that makes her feel terrible.

[Appellant] called several witnesses, including his girlfriend, Nancy Arcieri; their teenage son, Nancy's son, and the girlfriend of Nancy's son, whose testimony, if believed, would have established that [Appellant] was never alone with the victim.

Trial Ct. Op., 5/19/16, at 1-2 (footnotes omitted).

On July 16, 2015, a jury found Appellant guilty of aggravated indecent assault of a child, indecent assault of a minor, and corruption of minors. On November 3, 2015, the trial court imposed an aggregate sentence of 7-15 years' incarceration. On November 13, 2015, Appellant filed a post-sentence motion in which he claimed that the verdict was contrary to the weight of the evidence. After both parties filed briefs and presented oral argument on the post-sentence motion, the trial court denied it on March 28, 2016. Appellant filed a timely notice of appeal on April 11, 2016.

In this appeal, Appellant raises the following issue:

Did the trial court err when it denied defendant's weight of the evidence claim when victim stated that she was asleep during the sexual abuse alleged and when no physical signs of sexual abuse were found?

Appellant's Brief at 5.

- 2 -

In reviewing a trial court's ruling on a weight-of-the-evidence claim, we apply the following principles:

> A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011) (citation omitted).

Appellant claims that the trial court abused its discretion in denying his weight of the evidence claim because the jury "gave improper weight to the testimony of Victim." Appellant's Brief at 11. He argues that the victim's testimony was the only evidence that the assault occurred, and that this testimony was unreliable. Appellant emphasizes the victim's assertion that she was asleep when the assault occurred and her inability to remember other parts of the same day.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained why it rejected these arguments:

> [Appellant] contends that the victim's testimony was suspect because she admitted to being asleep when the assault

- 3 -

allegedly occurred. She also did not remember details of the day. However, the jury obviously found her testimony to be credible. Her discomfort in discussing the incident was evident. She testified that she was awakened by "what happened" to her, and recalled certain details about the incident, such as that the recliner was brown and had a button to raise the footrest. Furthermore, there is nothing in the record to suggest why the victim would fabricate the allegations. She testified that she was hesitant to tell anyone about the incident because she was afraid she would never see her best friend again.

It was within the jury's discretion to give significant weight to the victim's testimony. The verdict was not such as "to shock one's sense of justice." Consequently, we were satisfied that [Appellant]'s post-sentence motion was without merit.

Trial Ct. Op. at 3 (footnotes and citation omitted).

The question before us is not whether we would have weighed the evidence in the same way as the jury did. Nor is it whether we would have exercised our discretion in the same way as the trial court did. It is whether the trial court's decision was an abuse of discretion. After reviewing the record, we conclude that the trial court was within its discretion in finding that the verdict was not contrary to the weight of the evidence. *See Ramtahal*, 33 A.3d at 609.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2017

- 4 -